UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION AT CHICAGO

| | |
|---|---|
| **CLAYTON COMBS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| | ) |
| **RYAN SPECIALTY GROUP** | ) |
| **SERVICES, LLC** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, CLAYTON COMBS ("Plaintiff" or "Combs"), files his Complaint against the Defendant, RYAN SPECIALTY GROUP SERVICES, LLC ("Defendant" or "RSG"), and states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages and injunctive relief, pursuant the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq*. ("FMLA") and Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. (hereinafter "ADA") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful interference with Plaintiff's rights under the FMLA, pattern and practice of discrimination and the promulgation of a hostile work environment, intentionally and systematically, based on Plaintiff's disability, lawful exercise of his rights under the FMLA and in retaliation for Plaintiff's protected requests.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) as this action involves federal questions regarding the deprivation of Plaintiff's rights under the FMLA and the ADA.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

4. Plaintiff, Combs, is a citizen of the United States, and is, and was at all times material, a resident of the State of Rhode Island.

5. Defendant, RSG, is an Illinois For-Profit Corporation with its principal place of business in, Chicago, Illinois. Plaintiff reported to Defendant's office locate at Prudential Plaza, 180 N. Stetson Ave, Suite 4600, Chicago, IL 60601.

6. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

7. Plaintiff has complied with all statutory prerequisites to filing this action.

8. On December 3, 2021, Plaintiff dual-filed a timely claim with the Illinois Department of Human Rights Commission ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"), against Defendants, satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on disability discrimination and retaliation.

9. Plaintiff's EEOC charge was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

10. On December 16, 2021 the EEOC issued a Notice of Right to Sue.

11. This complaint was filed within ninety (90) days Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

12. Plaintiff was employed by Defendant since May 2016 as a full-time employee working or exceeding forty hours per week. At the time of his separation from Defendant Plaintiff held the position of Chief Information Officer.

13. At all relevant times, Plaintiff has suffered from alcoholism, which classifies him as a disabled individual under the ADA.

14. In 2018, Plaintiff requested and was approved to take a leave of absence of approximately 30 days to seek inpatient treatment related to his recovery, and at all times thereafter, Defendant was aware of Plaintiff's disability.

15. Plaintiff's disability substantially limited one or more of his major life activities and constituted a disability under applicable law.

16. Experts widely agree that chronic alcoholism is a disease, not a choice. As far back as 1956, the American Medical Association declared that alcoholism was an illness. As with many illnesses, alcoholism can control its victims. As with any illness, it needs to be discovered and diagnosed. And with many illnesses, with proper treatment it can be successfully controlled.

17. In June 2021, during a work trip to Chicago, Miles Wuller, President of RSG, purchased alcohol for Plaintiff and others at a dinner party, knowing Plaintiff was a recovering alcoholic. This contributed to Plaintiff's relapse.

18. In late July 2021, during another work trip to Chicago, Plaintiff was forced to miss two days of work due to his alcoholism.

19. Shortly thereafter, Plaintiff confided in Mr. Wuller about his relapse. Mr. Wuller, in turn, provided Plaintiff with information regarding Defendant's Employee Assistance Program ("EAP"). Plaintiff thanked Mr. Wuller, stating "I'll give them a call. I need some help."

20. The following Monday, August 2, 2021, Plaintiff requested a meeting with Chris Taggert, Vice President of Human Resources to discuss his medical condition and desire to request a leave of absence to seek treatment.

21. Rather than engage Plaintiff in an interactive process to determine how much time off he required or discuss FMLA leave, Mr. Taggert informed Plaintiff that he would be terminated for cause if he did not resign, stating that resignation would "give you the time you need to get the help you need."

22. Mr. Taggert further informed Plaintiff that if he did not resign, he would lose vested equity in RSG because he would be termaitned for cause.

23. As a result of these threats, Plaintiff was left with no choice but to accept Defendant's invitation for him to resign.

24. Defendant failed to engage in a timely, good-faith interactive process with Plaintiff to determine an effective and reasonable accommodation, instead opting to threaten Plaintiff with termination and rescission of Plaintiff's vested equity in RSG.

25. Since his separation with Defendant, Plaintiff has received treatment through a 15-day treatment program, subsequent counseling sessions, and AA meetings.

26. Had Defendant provided Plaintiff with a brief medical leave of absence, Plaintiff would have been able to return to work to perform his essential job functions as Chief Information Officer.

27. Plaintiff ultimately took responsibility for getting help for his disability while Defendant refuses to honor its responsibilities.

28. The discrimination and retaliation Plaintiff was subjected to was perpetrated, in part, by one of Defendant's employees with direct supervisory authority over Plaintiff.

29. Defendant knew or should have known of the discrimination and retaliatory conduct because its supervisor(s) and members of management observed it and/or participated in it.

30. The unlawful employment practices complained of in the above-mentioned paragraphs were intentional. The unlawful employment practices complained of in the above-mentioned paragraphs were done with malice or with reckless indifference to the statutory and/or federally protected rights of Plaintiff.

31. Plaintiff has been damaged by Defendant's illegal conduct.

32. Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count I: Interference in Violation of the FMLA

33. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32, above.

34. Plaintiff was an employee eligible for protected leave under the FMLA.

35. Defendant is and was an employer as defined by the FMLA.

36. Plaintiff exercised or attempted to exercise his rights under the FMLA.

37. Defendant interfered with Plaintiff's lawful exercise of his FMLA rights.

38. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

39. Plaintiff was injured due to Defendant's willful violations of the FMLA and he is entitled to legal relief.

### Count II: Retaliation in Violation of the FMLA

40. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32, above.

41. Plaintiff was an employee eligible for protected leave under the FMLA.

42. Defendant is and was an employer as defined by the FMLA.

43. Plaintiff exercised or attempted to exercise his rights under the FMLA. Defendant retaliated against Plaintiff for exercising or attempting to exercise hisFMLA rights.

44. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

45. Plaintiff was injured due to Defendant's willful violations of the FMLA and he is entitled to legal relief.

### Count III: Disability Discrimination under the ADA

46. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32, above.

47. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

48. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

49. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

50. Plaintiff was able to perform the essential functions of his job at the time of his termination.

51. Defendant is prohibited under the ADA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

52. Defendant intentionally discriminated against Plaintiff and subjected Plaintiff to disparate and discriminatory treatment throughout his employment based on his disability, thereby resulting in Plaintiff's unlawful termination.

53. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

54. Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count IV: Retaliation in Violation of the ADA

55. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32, above.

56. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

57. At all times relevant to this action, Plaintiff was a qualified employee within a disability under the ADA.

58. Defendant intentionally retaliated against Plaintiff based on his request for reasonable accommodations and use of protected medical leave pursuant to his disability.

59. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and

emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages andother relief.

60. Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:
**/s/ Gary Martoccio**
Gary Martoccio, Esq.
Illinois Attorney Registration No. 6313431
**Spielberger Law Group**
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
gary.martoccio@spielbergerlawgroup.com
*Counsel for Plaintiff*